HELAN GULBERTSON v. JOHN E. HANSON.[1]

June 30, 1905.

Nos. 14,356—(116).

**Assault and Battery.**

　　In an action for assault and battery, it is *held* that the verdict is supported by the evidence, that the damages awarded are not excessive, and that the trial court committed no reversible errors in its rulings in the admission of evidence nor in its charge to the jury.

From a judgment entered in the district court for Grant county upon a verdict against defendant for $300, after a trial before Flaherty, J., and a jury and from an order denying a motion for a new trial defendant appealed. Affirmed.

*K. T. Dahlen,* for appellant.
*N. T. Bothue,* for respondent.

START, C. J.

The plaintiff in this action to recover damages for an alleged assault and battery committed upon her by the defendant had a verdict for $300. The defendant appealed from the judgment entered thereon and from an order denying his motion for a new trial.

The assignments of error raise three general questions: Is the verdict sustained by the evidence? Did the trial court err in its rulings in the admission of evidence? Did it err in its instructions to the jury? Of these in their order and briefly.

[1] Reported in 104 N. W. 2.

1. The evidence was conflicting, but it was sufficient to sustain the verdict if the witnesses were credible. This was a question for the jury, and we cannot interfere with their decision thereon, especially so in view of the fact that the learned trial judge who saw, heard and observed the witnesses approved the verdict. The damages are not excessive if the plaintiff was entitled to recover.

2. There was some immaterial evidence admitted on the trial, but upon the whole record we are of the opinion that no prejudicial error was made by the trial court in its rulings upon the admission of evidence.

3. The court instructed the jury that if the defendant struck the plaintiff, as she claims, there was no justification for such striking. This is assigned as error, for the reason that the issue was whether the defendant did strike the plaintiff; hence there was no claim of justification. This is correct, and the instruction was unnecessary but harmless, for it was in effect an instruction as to a matter which was admitted by the defendant. The court also instructed the jury that:

> No person has a right without legal justification to lay violent hands on another. No person, unless he is a person in authority. has a right to chastise another. A parent has at times the right to chastise a child, and a teacher ordinarily has a right to chastise a pupil under his control; but in this case, gentlemen of the jury, if you find and believe from the testimony that the defendant assaulted and struck the plaintiff, there is no justification for the act complained of.

This is urged as error, for the reason that it impliedly suggests that the defendant, although not a person in authority, had chastised another, the plaintiff, without legal justification. Just why the instruction was given, there being no claim of justification in this case, the record does not disclose, but it is clear that the instruction did not suggest that the defendant had chastised the plaintiff or any one else, and that it was not reversible error to give it.

The other objections to the charge of the court to the jury are less meritorious than those we have referred to.

Judgment and order affirmed.